United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREA DIAZ, et al.,

              Plaintiffs,

    v.

STARBUCKS CORPORATION, et al.,

              Defendants.

Case No. 22-cv-07625-DMR

**ORDER RE MOTION FOR LEAVE TO AMEND COMPLAINT AND MOTION TO REMAND**

Re: Dkt. No. 29

Plaintiffs Andrea Diaz and her minor son M.A. move for leave to file an amended complaint adding a new defendant, and to remand this action in the event the court permits filing of the amended complaint. [Docket No. 29-1 at 1-8 ("Mot.").] Defendant Starbucks Corporation opposes. [Docket No. 35 ("Opp'n").] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motions are denied.

I.      **BACKGROUND**

Plaintiffs are citizens of California. They filed this action against Starbucks, Mariko Doe, and Does 1-25 in Alameda County Superior Court on April 29, 2022, alleging one claim for negligence. [Docket No. 1 ("Notice of Removal"), Ex. A ("Compl.").] Plaintiffs allege that on May 2, 2020, a hot beverage purchased from a Starbucks location in San Leandro spilled on them because the lid was not securely attached to the coffee cup. *See generally* Compl. Starbucks, which is headquartered in Washington, removed the action pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction under 28 U.S.C. § 1332.

When Plaintiffs filed the complaint, they believed Mariko Doe – later identified as Mariko Brown – was the supervisor and/or manager of the San Leandro location at the time of the incident. Mot. at 3; Compl. ¶ 4. Through discovery, Plaintiffs' counsel learned that the shift supervisor was in fact Sabrina Hopken. *Id.*; [Docket No. 29-1 at 9 (Elina Shakhbazyan Decl.,

1    Aug. 8, 2023) ¶¶ 2, 3).]  Hopken is a citizen of California.  Shakhbazyan Decl. ¶ 5.

2         Plaintiffs move to join Hopken as a defendant.  They have already dismissed Mariko

3    Brown.  [Docket No. 33 (8/16/2023 Minute Order).]  Plaintiffs argue that Hopken may be joined

4    as a defendant pursuant to Federal Rule of Civil Procedure 20(a) because "a) Plaintiff has a right

5    to relief against her; b) the action against SABRINA HOPKEN arises from the same occurrence as

6    provides the basis of the action against ASHLEY[1] and c) there are multiple same questions of law

7    and fact against SABRINA HOPKEN and STARBUCKS."  Mot. at 5.  If the court grants leave to

8    amend the complaint to add Hopken, Plaintiffs move to remand this action on the ground that

9    diversity jurisdiction no longer exists.  Mot. at 6-7.

10   **II.       LEGAL STANDARD**

11        Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the

12   district courts of the United States have original jurisdiction, may be removed by the defendant or

13   other defendants, to the district court of the United States for the district and division embracing

14   the place where such action is pending."  28 U.S.C. § 1441(a).  A district court has diversity

15   jurisdiction where the parties are "citizens of different States" and "the matter in controversy

16   exceeds the sum or value of $75,000, exclusive of interests and costs."  28 U.S.C. § 1332(a).

17        If after removal the plaintiff seeks to join additional defendants whose joinder would

18   destroy subject matter jurisdiction, the court has discretion to deny joinder, or permit joinder and

19   remand the case to state court.  28 U.S.C. § 1447(e); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686,

20   691 (9th Cir. 1998).  When determining whether to permit joinder under Section 1447(e), courts

21   generally consider six factors: 1) whether the party plaintiff seeks to join is needed for just

22   adjudication and would be subject to joinder under Federal Rule of Civil Procedure 19(a); 2)

23   whether the statute of limitations would preclude an action against the new defendants in state

24   court if the court denied joinder; 3) whether there has been unexplained delay in seeking joinder;

25   4) whether joinder is sought solely to defeat diversity jurisdiction; 5) whether the claim(s) against

26   the new party appears valid; and 6) whether denial of joinder will prejudice the plaintiff.  *IBC*

27

28   _____
     [1] The court assumes the reference to "Ashley" is a typographical error.

United States District Court
Northern District of California

1    *Aviation Servs., Inc. v. Compania Mexicana De Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008,

2    1011 (N.D. Cal. 2000) (citations omitted).

3    **III.    DISCUSSION**

4            Starbucks argues that the court should deny joinder of Hopken because she is not needed

5    for just adjudication, Plaintiffs' request to join Hopken is untimely, joinder is sought solely to

6    defeat diversity jurisdiction, there is no valid claim against Hopken, and Plaintiffs would not

7    suffer prejudice if Hopken were not named as a defendant.  Opp'n at 5-8.  The court considers

8    each factor of the multi-part test applicable under 28 U.S.C. § 1447(e) in turn.

9            **A.    Necessary Party**

10           Rule 19(a) governs joinder of necessary parties.  It requires joinder of persons whose

11   absence would preclude the grant of complete relief, impede their ability to protect their interests,

12   or subject a party to the danger of inconsistent obligations. Fed. R. Civ. P. 19(a)(1).  "Although

13   courts consider whether a party would meet [Rule] 19's standard for a necessary party,

14   amendment under § 1447(e) is a less restrictive standard than for joinder under [Rule] 19." *IBC*,

15   125 F. Supp. 2d at 1011-12.  "Courts disallow joinder of non-diverse defendants where those

16   defendants are only tangentially related to the cause of action or would not prevent complete

17   relief." *Id.*

18           Here, Plaintiffs claim that Hopken was "a supervisor and/or manager of the premises at the

19   time of Plaintiffs' incident," who was responsible for "the maintenance of the store, equipment

20   and merchandise at the time of Plaintiffs incident," "verify[ing] that there was in place a policy

21   which provided for the maintenance of the maintenance of the store, equipment and merchandise

22   according to industry standards," "the training and education of the store employees who were

23   tasked with conducting the maintenance . . . of the store, equipment and merchandise," and

24   "verifying that the maintenance of the store, equipment and merchandise be maintained according

25   to industry standards and sufficient policies and procedures." Mot. at 3 (citing Compl. ¶ 4).

26   Plaintiffs also generally allege that Defendants maintained the coffee "at a temperature sufficiently

27   hot as to pose a risk of serious injury to persons such as Plaintiffs," and that while "acting in the

28   course and scope of employment, poured the COFFEE which Plaintiff ANDREA DIAZ had

United States District Court
Northern District of California

ordered into a cup . . . placed a lid . . . over the CUP, and then proceeded to hand the CUP to Plaintiff." Compl. ¶¶ 9-10. According to Plaintiffs, "prior to handing the CUP containing the dangerous COFFEE to Plaintiff ANDREA DIAZ[,] Defendants' agent had negligently failed to securely attach the LID to the CUP[.]" *Id.* ¶ 11. In addition, "Defendant's agent failed to exercise due care in packaging the CUP . . . but instead handed such CUP to Plaintiff ANDREA DIAZ in a careless and negligent fashion so that the CUP spilled the COFFEE on Plaintiffs [so] as to cause the injuries hereinafter alleged." *Id.* ¶ 12.

Starbucks argues that Hopken is not a necessary party, asserting that any finding of negligence against Hopken would be assigned to it as the employer. Opp'n at 5. It claims that because an employer is vicariously liable for the torts of its employees committed within the scope of their employment, just adjudication does not require joining Hopken as a party. *Id.*

"Under the California doctrine of respondeat superior, an employer may be held liable for the tortious acts of its employees when they are acting within the scope of their employment." *Randolph v. Budget Rent-A-Car*, 97 F.3d 319, 327 (9th Cir. 1996) (citations omitted). "An employee is acting within the scope of his or her employment if either one of two conditions is met: (1) the act performed was either required or incident to her duties, or (2) the employee's misconduct could be reasonably foreseen by the employer." *Id.* (citations omitted).

On September 15, 2023, the parties filed a stipulation agreeing that Hopken was acting within the scope of her employment with Starbucks in connection with the incident alleged in this case. [Docket No. 38.] In light of the parties' agreement that Starbucks will be held vicariously liable for any alleged actions by Hopken, joinder of Hopken is not needed for just adjudication. Accordingly, this factor weighs against joinder. *See Sharpe v. Fedex Corp.*, No. C-06-4964 EMC, 2007 WL 1888878, at *2 (N.D. Cal. June 29, 2007) (holding that joinder of additional defendant (driver of FedEx truck) was not needed for just adjudication where FedEx stipulated to vicarious liability if the individual defendant was found liable and effectively waived any defense based on scope of employment); *see also Oettinger v. Home Depot*, No. C 09-01560 CW, 2009 WL 2136764, at *3 (N.D. Cal. July 15, 2009) (holding that joinder of Home Depot's assistant operations manager was not necessary because under California law, a "plaintiff seeking to hold

1    an employer liable for injuries caused by employees acting within the scope of their employment

2    is not required to name or join the employees as defendants"); *Cha v. Hiossen, Inc.*, No. 2:23-CV-

3    00691-WLH-PD, 2023 WL 4492420, at *3 (C.D. Cal. July 12, 2023) ("courts have regularly

4    determined that joinder of non-diverse supervisors is *not* required in . . . cases where the

5    supervisors only acted within the scope of their employment, because complete relief can be

6    accorded under a *respondeat superior* theory" (collecting cases)).[2]

7        **B.    Statute of Limitations**

8        Starbucks argues that the statute of limitations issue is moot because just adjudication does

9    not require joining Hopken as a party.  Opp'n at 5.  It makes no other argument in this respect.

10   Plaintiffs likewise do not meaningfully address the issue.  Accordingly, this factor is neutral.

11       **C.    Timeliness of Amendment**

12       Plaintiffs explain that they only recently learned about Hopken through Defendant's first

13   set of discovery responses served on June 24, 2023.  Mot. at 3, 6; Shakhbazyan Decl. ¶ 3.

14   Confusingly, Plaintiffs filed a first amended complaint shortly after, on July 5, 2023, incorrectly

15   identifying Mariko Doe as Mariko Brown.  [Docket No. 21 (corrected at Docket No. 23).]  In any

16   event, Plaintiffs filed the present motion on August 8, 2023, a little over one month after receiving

17   Defendant's discovery responses.  In addition, no significant activity has yet occurred in the case.

18

19   _____

[2] Plaintiffs rely on *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) in
20   arguing that "[t]he joinder of a nondiverse party requires remand even if newly joined defendant
     (sic) is not indispensable."  Mot. at 8.  *Morris* does not stand for that proposition.  The Ninth
21   Circuit first analyzed whether the district court properly held that it had removal jurisdiction based
     on diversity jurisdiction, even though a non-diverse defendant had been joined.  *Morris* explained
22   that "one exception to the requirement of complete diversity is where a non-diverse defendant has
     been 'fraudulently joined.'"  236 F.3d at 1067.  Because it was "abundantly obvious that [the
23   plaintiff] could not possibly prevail on her [] claim against [the non-diverse defendant]," the Ninth
     Circuit held that the district court correctly ignored the defendant's joinder, and removal was
24   proper based on diversity of citizenship.  *Id.* at 1068.  Next, the Ninth Circuit reviewed whether
     the district court retained jurisdiction over the action after plaintiff amended her complaint to join
25   two additional non-diverse defendants.  *Id.*  The district court had permitted joinder of the non-
     diverse parties but nevertheless retained jurisdiction over the action. The Ninth Circuit explained
26   that "[t]he presence of the [new defendants] in this action destroyed the district court's diversity
     jurisdiction, but not its original subject matter jurisdiction [based on the court's admiralty
27   jurisdiction]."  It also noted that the plaintiff had not sought remand based on the joinder of the
     non-diverse defendants and had therefore waived the issue.  *Id.*  Contrary to Plaintiffs' assertion,
28   nothing in *Morris* suggests that joinder of a nondiverse defendant requires remand even if that
     defendant is not a necessary party.

United States District Court
Northern District of California

1  Under these circumstances, the court finds that there has not been undue delay in moving to join

2  Hopken as a defendant.  *See Santa Clara Valley Water Dist. v. CH2M Hill, Inc.*, No. 19-CV-

3  08295-LHK, 2020 WL 4252677, at *5 (N.D. Cal. July 24, 2020) (describing relevant factors in

4  assessing timeliness).

          **D.**     **Motive for Joinder**

6        Starbucks argues that Plaintiffs have an improper motive for joinder, have been

7  "forthcoming to the Court and counsel about their intent to remand to state court," and their

8  "shotgun approach in selecting a partner (employee) defendant verifies their intent to disrupt

9  diversity jurisdiction instead of reaching the merits of the case."  Mot. at 6; [*see also* Docket No.

10  35-1 (Emily Genge Decl., Aug. 18, 2023) ¶ 8 ("During the second case management conference

11  on May 31, 2023, Plaintiffs' counsel told the Court and me that Plaintiffs intend to rely on the

12  inclusion of Mariko Doe, once properly served, to destroy diversity jurisdiction and request a

13  remand to state court"); *but see id.* ¶ 13 (On August 3, 2023, "[Plaintiffs'] [c]ounsel . . . explained

14  that Plaintiffs have named Mariko Brown because of her supervisory role at the store and that it

15  was not just because they want to remand the case to state court").]

16        Plaintiffs contend that they pleaded a claim against Hopken in the original complaint but

17  mistakenly named her as Mariko Brown.  Mot. at 6.  They argue that they would have substituted

18  Hopken for Brown even if this case were still pending in state court.  *Id.* at 7.  Finally, Plaintiffs

19  assert that their motive for seeking to join Hopken is "to permit adjudication of this action in its

20  entirety against all possible culpable parties."  Shakhbazyan Decl. ¶ 4.

21        In light of the parties' competing narratives on this point, the court finds that Plaintiffs'

22  motive weighs only slightly against amendment.  *See Santa Clara Valley Water Dist.*, 2020 WL

23  4252677, at *6 ("Importantly, even when the circumstances suggest that one of the plaintiff's

24  motives is to defeat jurisdiction, factor four does not necessarily weigh against amendment when it

25  is not readily apparent that it is the sole motivation, particularly when there is a seemingly valid

26  claim against the proposed defendant" (cleaned up)).

          **E.**     **Validity of Claim**

28        Next, Starbucks argues that Plaintiffs have not alleged a viable claim against Hopken

United States District Court
Northern District of California

6

because Starbucks is vicariously liable for the torts of its employees committed within the scope of the employment.  Opp'n at 7.  The court agrees.

On its face, the negligence claim against Hopken appears valid as she was the supervisor and/or manager of the premises where Plaintiffs were allegedly injured.  *See Sandhu v. Volvo Cars of N. Am., LLC*, No. 16-CV-04987-BLF, 2017 WL 403495, at *3 (N.D. Cal. Jan. 31, 2017) (noting that a court need only determine whether claim asserted against proposed diversity-destroying defendant "seems valid").  However, Plaintiffs have effectively conceded that the claim does not have merit by agreeing that Hopken was acting within the scope of her employment with Starbucks in connection with the incident.  *See McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 608 (S.D. Cal. 2014) (finding claims against three individual defendants were "weak" where the operative complaint included no allegations to support a claim against any of them in their individual capacities "separate and apart from their actions in the scope of their employment by Defendant Home Depot USA, Inc.").  Thus, this factor weighs against joinder.

**F.    Prejudice to Plaintiffs**

Denial of joinder will prejudice Plaintiffs by denying them their choice of forum. However, Plaintiffs may still obtain information and evidence from Hopken as a witness through the discovery process in this action.  *See* Opp'n at 8.

Weighing the six factors, the court concludes that joinder of Hopken is not warranted.

**IV.    CONCLUSION**

For the foregoing reasons, the court denies Plaintiffs' motions to amend the complaint and remand this action to Alameda County Superior Court.


**IT IS SO ORDERED.**

Dated: October 3, 2023

_____
Donna M. Ryu
Chief Magistrate Judge

United States District Court
Northern District of California